## Wexelblatt, Appellant, *v.* Katman & Greenberg.

*Sales—Act of May 19, 1915, P. L. 543 (Sales Act)—Section 4—Acceptance.*

An unsigned memorandum for the purchase of merchandise in excess of the sum of five hundred dollars, is not such a note or memorandum as contemplated in the provisions of section 4 of the Act of May 19, 1915, P. L. 543 (Sales Act), which provides that "unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf," a contract for the sale of goods shall not be enforceable.

In an action to recover for the failure to deliver goods alleged to have been ordered, a statement is insufficient which merely alleges that the defendant made repeated promises to deliver and that the plaintiff was ready and willing to accept the goods.

Argued October 12, 1920.   Appeal, No. 289, Oct. T., 1920, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1920, No. 2948, in favor of defendants because of an insufficient statement of claim in the case of Elias Wexelblatt v. Jack A. Katman and Nat Greenberg, Copartners, trading as Katman & Greenberg.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit on contract of sale.

Motion for disposition of question of law raised by affidavit of defense under section 20 of the Practice Act of 1915.

FERGUSON, J., filed the following opinion:

Judgment should be entered for the defendant under the Practice Act of 1915.   The claim is based upon a written order for the sale of goods.   The amount of the purchase price is upwards of $500.   There is no averment that any of the goods were delivered or that any part of the purchase price was paid, and the written order is not signed by the party to be charged.   Under

220 WEXELBLATT, Appel., *v.* KATMAN & GREENBERG.

Opinion of Court below—Opinion of the Court. [75 Pa. Superior Ct.

section 4 of the Sales Act of May 19, 1915, P. L. 543, any action for the breach of the contract is unenforceable.

*Error assigned,* among others, was the judgment of the court.

. *Arthur F. Schneider,* for appellant.

*Abraham Friedman,* and with him *Bernard A. Illoway* and *Harry Felix,* for appellees.

Opinion by Linn, J., December 10, 1920:

This appeal is from an order made under section 20 of the Practice Act of 1915, entering judgment for defendants on an affidavit raising a question of law. Plaintiff declared that he had purchased of defendants certain cotton goods for $1,776.31; that they had refused to make delivery, whereupon after notice, he purchased in the open market at a price some $600 in excess of the price at which defendants had agreed to sell, which difference he sought to recover in this suit. He attached to his statement what he averred to be "a certain written order or contract" called Exhibit A, in the following form:

"Bought of Katman & Greenberg

"Wholesale Cotton Piece Goods     No. 646

"332 South 5th street, Philadelphia, Penna.

"Folio No. Strunk. Terms 2.10 date of Del.   7/17/1919 M....E. Wexelblatt, 528 Market st.

| pcs. | Yds. | Description | Price | Dollars Cents |
|------|------|-------------|-------|---------------|
| 104  | 7105 | Blue Wing   | 25    | 1776.31"      |

Defendants objected that the suit would not lie under section 4 of the Sales Act of May 19, 1915, P. L. 543, providing as follows:

"First. A contract to sell or a sale of any goods or choses in action of the value of five hundred dollars or upwards shall not be enforceable by action unless the buyer shall accept part of the goods or choses in action so contracted to be sold or sold, and actually receive the same, or give something in earnest to bind the contract, or in part payment, or unless some note or memorandum in writing of the contract or sale be signed by the party to be charged or his agent in that behalf."

\*    \*    \*    \*    \*    \*    \*    \*    \*

"Third. There is an acceptance of goods within the meaning of this section when the buyer, either before or after delivery of the goods, or any part thereof, expresses by words or conduct his assent to becoming the owner of those specific goods."

There is no allegation that the buyer accepted and actually received any part of the goods, or that he gave anything in earnest to bind the contract, or that any note or memorandum was signed by the defendants, who are the parties sought to be charged. It is not alleged who made Exhibit A.

We cannot agree with the contention of appellant that he has averred an acceptance of the goods within the third paragraph of the section by alleging that "defendants made to the plaintiff repeated promises to deliver the said material in accordance with their said order and contract, which said promises defendants did not comply with, wherefore plaintiff made his final demand for delivery on the said January 24, 1920, as aforesaid," taken in connection with another averment that plaintiff was "ready and willing at all times to accept the same and pay the defendants therefor in accordance with the terms of said order or contract."

There is no averment that any specific goods were pointed out, or set apart or that plaintiff expressed his assent to becoming the owner of any specific goods whatever. To permit a plaintiff to go to trial on such a state-

ment of claim would perpetuate all the mischief the statute was enacted to prevent.

Judgment affirmed.